IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| MICHAEL GARRETT WILLIAMS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:08-CV-35 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Michael Garrett Williams, a prisoner at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenged the constitutionality of a prison disciplinary conviction for possessing a weapon.

The court ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. Citing *United States v. Fambro*, 526 F.3d 835, 839 (5th Cir. 2008), and *Broussard v. Johnson*, 253 F.3d 874, 877 (5th Cir. 2001), the magistrate judge concluded that the evidence did not support a finding that petitioner had constructive possession of the weapon. The magistrate judge recommended granting the petition, expunging the disciplinary action from petitioner's record, and restoring the forfeited good time credits.

Respondent filed objections to the Report and Recommendation, and moved to dismiss the petition as moot. In support of the motion, respondent submitted an affidavit from Ms. Mary Ann Comstock, a Program Supervisor employed by TDCJ. Ms. Comstock states that the disciplinary conviction has been overturned and deleted from petitioner's TDCJ records. Ms. Comstock states

that petitioner's time earning status was restored to S3, and the 180 days of forfeited good time credit was restored.

The United States Constitution prohibits federal courts from issuing advisory opinions. *John Doe #1 v. Veneman*, 380 F.3d 807, 814 (5th Cir. 2004). Article III of the Constitution requires that federal courts hear only cases or controversies. U.S. CONST. art. III, § 2. A moot case does not present a case or controversy because there are no longer adverse parties with sufficient legal interests to maintain the litigation. *United States v. Lares-Meraz*, 452 F.3d 352, 354-55 (5th Cir. 2006).

This petition is moot because petitioner has received the relief he requested. The court is justified in presuming that TDCJ is acting in good faith, and will not reinstate the disciplinary conviction once the petition is dismissed as moot. *See Sossamon v. Texas*, 560 F.3d 316, 325 (5th Cir. 2009) ("Although . . . a defendant has a heavy burden to prove that the challenged conduct will not recur once the suit is dismissed as moot, government actors in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties."), *petition for cert. filed*, 77 U.S.L.W. 3657 (May 22, 2009). It is accordingly

**ORDERED** that respondent's motion to dismiss the petition as moot is **GRANTED**. A final judgment will be entered in accordance with this Memorandum Opinion and Order.

So **ORDERED** and **SIGNED** this **9** day of **February, 2010.**

_____
Ron Clark, United States District Judge